# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARLO MORALES,
    Petitioner,

v.              Case No. 06C0600

TIMOTHY LUNDQUIST,
    Respondent.

## ORDER

On May 16, 2006, Marlo Morales filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner pled guilty to two counts of sexual assault in Milwaukee County Circuit Court. He was sentenced to 100 years imprisonment and is currently incarcerated at New Lisbon Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner alleges that he was denied effective assistance of trial and appellate counsel. He first alleges that his trial counsel was ineffective for failing to challenge the source of the victim's sexually transmitted diseases, failing to inform petitioner of the effect

of truth-in-sentencing on petitioner's sentence, and by failing to notify petitioner of the elements of the crimes on which he pled. He next asserts that his appellate counsel was ineffective for filing a no-merit brief when petitioner had viable grounds for appeal, including the above noted issues, as well as claims for ineffective assistance of trial counsel and denial of due process. These are all colorable constitutional claims. See Strickland v. Washington, 466 U.S. 668 (1984) (criminal defendant has Sixth Amendment right to effective assistance of counsel); U.S. v. Bradley, 381 F.3d 641 (7th Cir. 2004) (criminal defendant's due process rights violated when he does not understand the elements of the crimes he is admitting).

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive

motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory M. Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed by certified mail to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 19 day of June, 2006.

/s_____
LYNN ADELMAN
District Judge

3

Case 2:06-cv-00600-LA   Filed 06/19/06   Page 3 of 3   Document 4