# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARLO U. MORALES,
        Petitioner,

    v.                          Case No. 06C600

TIMOTHY LUNDQUIST,[1]
        Respondent.

## DECISION AND ORDER

On May 16, 2006, Marlo U. Morales, a Wisconsin state prisoner, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a state court conviction. Respondent now moves to dismiss the petition on the ground that it is untimely and that petitioner procedurally defaulted his claims.

## I. PROCEDURAL BACKGROUND

In June 2000, petitioner entered an Alford plea[2] to two counts of first-degree sexual assault of a child and was sentenced concurrent prison terms of forty and sixty years. Petitioner unsuccessfully sought post-conviction relief in the trial court and then appealed. His appellate counsel filed a no-merit report, to which he objected. However, the court of appeals adopted the report and affirmed his conviction. The state supreme court denied review. Petitioner then sought collateral relief in state court under Wis. Stat. § 974.06. The circuit court denied relief, and petitioner appealed to the court of appeals, which affirmed. The state supreme court again denied review. Petitioner then filed a petition in the state

---

        [1]I have amended the caption to reflect the name of the respondent.

        [2]See North Carolina v. Alford, 400 U.S. 25 (1970).

court of appeals pursuant to State v. Knight, 168 Wis. 2d 509 (1992), challenging the effectiveness of his appellate counsel. The state court of appeals dismissed his petition, and the state supreme court denied review.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure govern habeas actions to the extent that they are not inconsistent with the habeas statute and rules implementing it. Rule 11, Rules Governing § 2254 Cases. Thus, where applicable, I will evaluate respondent's motion under the standards governing motions brought under Fed. R. Civ. P. 12(b)(6). Specifically, I will petitioner's allegations as true and construe them in the light most favorable to him. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## III. TIMELINESS

Petitioner had one year from the date his conviction became final to bring his federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). However, the one-year limitation period was tolled while petitioner's petitions for relief were pending in state court as long as such petitions were "properly-filed." § 2244(d)(2). Petitioner's conviction became final on April 22, 2004, following the ninety-day period in which could have petitioned for certiorari in the United States Supreme Court. Jones v. Hulick, 449 F.3d 784, 788 (7th Cir. 2006). However, 257 days later, on January 4, 2005, petitioner properly filed a petition for collateral relief in state court, and the state courts did not finally dispose of the petition until January 23, 2006. Thus, the period between January 4, 2005 and January 23, 2006 was tolled. Further, on January 24, 2006, petitioner filed a petition in the state court of appeals

challenging the effectiveness of his appellate counsel, and the state courts did not finally dispose of that petition until May 11, 2006.

Respondent contends that the latter petition was not properly filed. However, in Knight, the state supreme court held that claims of ineffective assistance of appellate counsel are to be filed in the state court of appeals, and petitioner complied with that rule. The state court of appeals remarked that petitioner may actually have been challenging the effectiveness of post-conviction counsel in which case his petition would not have been properly filed as Wisconsin requires such challenges to be brought in the trial court. However, taking petitioner's allegations in the light most favorable to him, at this point in the proceedings, I must conclude that his petition was properly filed and that the limitations period was tolled while his Knight petition was pending – that is, until May 11, 2006. Thus, on May 16, 2006, when petitioner filed his federal habeas petition, he had time to spare. In sum, based on what is before me, I cannot conclude that his petition was untimely filed.

## IV. PROCEDURAL DEFAULT

A claim is procedurally defaulted, when a petitioner "has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed." Perruquet v. Briley, 390 F.3d 505, 513-14 (7th Cir. 2004). A claim may also be procedurally defaulted if state courts reject it on an independent and adequate state procedural ground or where a petitioner did not fully present it to the state courts and it is clear that such courts would now hold it procedurally barred. Id. A procedural default bars a district court from considering the merits of a claim unless the petitioner "demonstrates cause for the default and prejudice resulting therefrom . . . or, alternatively, he convinces the court that a miscarriage of justice would result if his

3

claim were not entertained on the merits." Id. In order for a procedural rule to be adequate to support a state court judgment, that procedural rule must be applied in a "consistent and principled way." Page v. Frank, 343 F.3d 901, 912 (7th Cir. 2003) (quoting Braun v. Powell, 227 F.3d 908, 912 (7th Cir.2000)). Further "[s]tate court decisions are not adequate to bar federal habeas review unless they rest upon firmly established and regularly followed state practice." Page, 343 F.3d at 912 (internal citations and quotations omitted). "A basis of decision applied infrequently, unexpectedly, or freakishly may be inadequate, for the lack of notice and consistency may show that the state is discriminating against the federal rights asserted." Id.

In the present case, petitioner alleges that his trial counsel was ineffective (1) for failing to obtain evidence of the source of the victim's sexually transmitted disease; (2) for failing to make clear to him the effect of the state's truth-in-sentencing law; and (3) for failing to make sure that he understood the elements of the charges to which he pled. He also argues that the trial court denied him due process by failing to make sure he understood the charges to which he pled. Finally, he argues that his postconviction and appellate counsel were ineffective for failing to challenge his trial counsel's ineffectiveness in the above respects. Respondent does not appear to contend that petitioner procedurally defaulted claim (1) above. Procedural default is an affirmative defense, Grigsby v. Cotton, 456 F.3d 727, 731 (7th Cir. 2006), and in its motion to dismiss, respondent does not mention petitioner's claim of ineffective assistance based on his trial counsel's failure to investigate the source of the victim's sexually transmitted disease. Thus, I cannot conclude that petitioner procedurally defaulted claim (1).

4

As to claim (2), respondent argues that petitioner procedurally defaulted it by not raising it in his response to his appellate counsel's no-merit brief. However, the Seventh Circuit has stated that:

> [t]he practical effect of the . . . conclusion – that the failure to identify ineffective assistance of trial counsel as an issue in response to an Anders no-merit brief constitutes a waiver – is to require [the defendant] to have asserted a claim before the court of appeals that, under established Wisconsin case law, he could not bring initially in that forum because it had not been brought to the attention of the trial court. Federal habeas review cannot be precluded on such a ground because the basis relied upon by the Wisconsin court does not apply Wisconsin procedure in a "consistent and principled way."

Page, 343 F.3d at 909. The Page court also noted that a defendant is entitled to effective assistance of counsel through his first appeal of right, and to the presumption that he has not waived such right. The court stated: "It would be incongruous to maintain that [a defendant] has a Sixth Amendment right to counsel on direct appeal, but then to accept the proposition that he can waive such right by simply failing to assert it in his pro se response challenging his counsel's Anders motion." Id. Under Page, I cannot conclude that petitioner procedurally defaulted claim (2) by failing to raise it in response to a no-merit brief.

As to claim (3), petitioner presented the claim that his appellate counsel was ineffective for not arguing the trial court failed to make sure that he understood the charges in his Knight petition. Therefore, petitioner did not default that part of claim (3). However, in his § 974.06 petition, petitioner did not challenge his trial counsel's failure to make sure he understood the charges against him. Thus, petitioner procedurally defaulted that aspect of claim (3). Further, petitioner does not suggest that his default must be excused based on cause or prejudice.

5

## V. CONCLUSION

Therefore, for the foregoing reasons,

**IT IS ORDERED** that respondent's motion to dismiss petitioner's habeas petition is **GRANTED IN PART AND DENIED IN PART** as stated above.

**IT IS FURTHER ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty days following the filing of respondent's opposition brief within which to file a reply brief, if any.

Dated at Milwaukee, Wisconsin, this 30 day of March, 2007.

/s_____
LYNN ADELMAN
District Judge