# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARLO U. MORALES,**
        **Petitioner,**

    **v.**                                                                              **Case No. 06C0600**

**TIMOTHY LUNDQUIST,**
        **Respondent.**

## DECISION AND ORDER

      Petitioner Marlo U. Morales, a Wisconsin state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction of two counts of first-degree sexual assault of an eleven-year old child based on his Alford pleas. Petitioner argues that his appellate counsel was ineffective for failing: (1) to make sure that petitioner understood the elements of the offense to which he pleaded; (2) to inform petitioner of the effect of Wisconsin's truth in sentencing law; and (3) to investigate the source of the victim's sexually transmitted disease, thereby depriving him of a defense. The habeas petition is fully briefed and ready for decision. Also before me are petitioner's motion to compel production of documents and motion to supplement the record. I will address these motions before turning to the merits of the habeas petition.

      After petitioner filed his motion to compel, respondent filed his answer, which included the relevant transcripts from the initial and final plea colloquies conducted by the trial court and the hearing regarding the admissibility of petitioner's confession, petitioner's state court brief, and the opinions from the state courts. Thus, it appears petitioner's

motion to compel is moot to the extent respondent complied with the request and because petitioner's motion to supplement addresses any unmet requests.

Regarding petitioner's motion to supplement the record, petitioner fails to set forth any reason why the additional materials are relevant or necessary to the decision on the merits. He does not suggest what additional evidence in support of his arguments I will glean from the proposed supplemental material. Moreover, after reviewing petitioner's claims and the documents on file with this court, I do not believe any additional material would be helpful in resolving this case. Petitioner's claims center around the entry of the Alford pleas and general allegations as to the effectiveness of counsel up to and including that event. The respondent filed a transcript from the trial court proceeding that resulted in petitioner's Alford pleas, as well as the state court opinions in appellate and postconviction proceedings and the relevant briefs; these documents contain all the information I need to decide this case. Therefore, I will deny petitioner's motion to supplement the record. I now turn to the merits of petitioner's habeas petition.

The state court of appeals ruled on petitioner's ineffective assistance of appellate counsel claim as follows:

> In his petition, Morales contends that his appellate counsel was ineffective for failing to challenge his trial counsel's performance. Specifically, Morales contends that when he entered his Alford plea, trial counsel failed to insure that the circuit court questioned him to insure that he understood the elements of the crime to which he was pleading.
>
> Morales was convicted of two counts of sexual assault of a child. Morales's appellate counsel filed a no-merit report, and Morales responded to the report. This court accepted the no-merit report and affirmed the judgment of conviction. Morales then filed a *pro se* WIS. STAT. § 974.06 motion seeking plea withdrawal. In that motion, he claimed that he received ineffective assistance of trial counsel because counsel failed to advise him that a determinate sentence meant he would serve the initial confinement

portion of his sentence without good time or parole. By opinion dated October 11, 2005, the court concluded that Morales's claimed misunderstanding was not a basis for plea withdrawal and the circuit court therefore did not err when it failed to inform Morales of the effect of the truth-in-sentencing law. In reaching this conclusion, the court noted that the no-merit procedures were followed, that Morales filed a response, and Morales failed to raise the issue in his response to the no-merit report. Consequently, Morales was barred from raising the issue in a separate WIS. STAT. § 974.06 motion. See State v. Tillman, 2005 WI App. 71, ¶ 20, 281 Wis. 2d 157, 696 N.W. 2d 574. The court also considered the merits of Morales's argument, however, and affirmed the circuit court's order on that basis also.

The court denies Morales's habeas corpus petition for a number of reasons. First, Morales has failed to submit sufficient information to support his claim that the circuit court failed to take the steps necessary to insure that he understood the elements of the charges against him. We note that Morales submitted a plea questionnaire and waiver-of-rights form on which he stated that he understood that the charges "have elements that the State would have to prove beyond a reasonable doubt if I had a trial." Morales also acknowledged that the elements of his crimes had been explained to him by his attorney. Second, Morales does not specifically claim that he did not understand the elements of the crimes to which he was pleaded. Third, the court notes, as in our prior decision, that Morales has now had at least two opportunities to raise this claim in postconviction proceedings, but has not.

Finally, the court notes that Morales frames the issue as one of appellate counsel's ineffectiveness for failing to challenge trial counsel's effectiveness regarding the validity of the plea colloquy. This is the sort of issue that, if viable, must first be raised in the circuit court. See State ex rel Rothering v. McCaughtry, 205 Wis. 2d 675, 679, 556 N.W. 2d 136 (Ct. App. 1996) (in challenging the effectiveness of postconviction or appellate counsel, the defendant must chose [sic] the forum where the allegedly ineffective conduct occurred[;] when the contention is that postconviction counsel should have raised in the circuit court certain postconviction claims, the claim of ineffective postconviction counsel belongs there).

(footnotes omitted) (Answer Ex. I at 2-4.)

To prevail on his federal habeas claim, petitioner must establish that the state court decision denying him relief was contrary to or an unreasonable application of a decision of the Supreme Court. 28 U.S.C. § 2254(d). In the present case, petitioner argues that

3

in denying him relief, the state court of appeals unreasonably applied Strickland v. Washington, 466 U.S. 668 (1984), which requires him to establish that his appellate counsel performed deficiently and that he suffered prejudice as a result.

I begin with petitioner's claim that his appellate counsel was ineffective for not arguing that petitioner's trial counsel was ineffective for failing to make sure that he understood the elements of the offense. I conclude that I must deny the claim on both procedural and substantive grounds. Petitioner cannot establish that his appellate counsel was ineffective for failing to challenge his trial counsel's failure to ensure that he understood the charge unless he can first show that his trial counsel was ineffective in this respect; otherwise, trial counsel's performance would not present a viable issue for appeal. See Gray v. Greer, 800 F.2d 644, 646 (7th cir. 1985). However, petitioner procedurally defaulted the claim by failing to raise it in state court. As the state court of appeals stated, "Morales has now had at least two opportunities to raise this claim in postconviction proceedings, but has not." ((Answer Ex. I at 3) (see also Mar. 30, 2007 Order, stating that "petitioner did not challenge his trial counsel's failure to make sure he understood the charges against him . . . [and thus] procedurally defaulted [that claim]").)

Even if petitioner had not defaulted this claim, I would deny it on the merits. Petitioner's argument is that he did not understand the intent element of first-degree sexual assault. However, petitioner entered his Alford plea to first-degree sexual assault based on having engaged in sexual intercourse with a child, and he admitted that he engaged in such intercourse. To establish its allegation against petitioner, the state had to prove only that petitioner engaged in the prohibited intercourse. It did not have to separately prove intent. Thus, petitioner fully understood the elements of the offense.

4

Petitioner's second claim is that his appellate counsel was ineffective for not challenging his trial counsel's failure to ensure that he understood the effect of Wisconsin's truth in sentencing law, specifically that under the law, he would be ineligible for parole. However, petitioner presents no case requiring that the court advise him concerning parole eligibility. Petitioner acknowledges that he was informed of the potential length of his sentence, including the total maximum time of incarceration petitioner would face under his bifurcated sentence for count two should his extended supervision be revoked (60 years), and petitioner's actual sentence is no longer than the maximum possible sentence of which the trial court advised him. The fact that the court did not advise him of the details of parole eligibility did not render his plea involuntary, and his trial counsel was not ineffective for failing to ensure that the trial court so advised him. See Key v. U.S., 806 F.2d 133, 137-38 (7th Cir. 1986) (citing Hill v. Lockhart, 474 U.S. 52 (1985)). Accordingly, petitioner's appellate counsel was not ineffective for failing to challenge his trial counsel's effectiveness in this regard.

Third, petitioner argues that his appellate counsel was ineffective for failing to challenge his trial counsel's failure to investigate the source of the victim's sexually-transmitted disease. However, this matter was not a viable defense to the crime with which petitioner was charged. The only issue in the case was whether petitioner had intercourse with the eleven-year-old victim, and petitioner admitted having such intercourse several times with the victim. Therefore, given the overwhelming evidence against petitioner in the form of his own words and the irrelevance of the eleven-year old victim's sexual history, trial counsel's decision not to investigate the victim's disease was reasonable, and appellate counsel was not ineffective for failing to challenge that decision.

Therefore,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED**, all pending motions are **DENIED**, and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 3 day of December, 2007.

/s
LYNN ADELMAN
District Judge